UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOELLE LEE,<br>        Plaintiff,<br>    v.<br>ROBERT J. FISHER, et al.,<br>        Defendants. | Case No. 20-cv-06163-SK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Regarding Docket Nos. 48, 49 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Nominal Defendant The Gap, Inc. ("Gap") and Defendants Robert J. Fisher, Sonia Syngal, Arthur Peck, Amy Bohutinsky, Amy Miles, Isabella D. Goren, Bob L. Martin, Chris O'Neill, Elizabeth A. Smith, John J. Fisher, Jorge P. Montoya, Mayo A. Shattuck III, Tracy Gardner, William S. Fisher, and Doris F. Fisher (the "Individual Defendants") (all defendants collectively referred to as "Defendants").  Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Defendants' motion for the reasons set forth below.

The Court GRANTS IN PART and DENIES IN PART Defendants' request for judicial notice.  The Court GRANTS the request as to the Gap's Amended and Restated Bylaws, attached as Exhibit I to the request for judicial notice.  Fed. R. Evid. 201.  However, the Court DENIES the remainder of Defendants' request because the Court did not need to consider those documents in order to resolve Defendants' motion.

**BACKGROUND**

Plaintiff Noelle Lee ("Plaintiff") filed this derivative shareholder lawsuit against Defendants with claims based on Gap's alleged failure to create meaningful diversity on the Board of Directors or with the company's leadership roles.  (Dkt. No. 1 (Compl.).)  Plaintiff further alleges that the Gap made false statements about its diversity and its efforts to create diversity.

1  (*Id.*)  Plaintiff bring derivative claims on behalf of the company for breach of fiduciary duty,
2  aiding and abetting breach of fiduciary duty, abuse of control, unjust enrichment, and violation of
3  Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 14a-9.
4  (*Id.*)

## ANALYSIS

### A.   Applicable Legal Standard on Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as matters of public record, may be

considered on a motion to dismiss. *See Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2011). In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

**B.  Defendants' Motion to Dismiss.**

All Defendants move to dismiss the complaint on the ground that the forum selection clause in the Company's Bylaws designates the Delaware Court of Chancery as the exclusive forum for Plaintiff's claims. Because, as discussed below, the Court finds that the forum selection clause should be enforced, the Court will not address the remainder of the parties' arguments.

The Gap's Bylaws contains a forum selection clause which requires any derivative claims brought on behalf of the Gap to be brought in the Delaware Court of Chancery. (Dkt. No. 48-10 (Ex. I)[1]  A forum selection clause is appropriately enforced through the doctrine of *forum non conveniens. Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 61 (2013). "The doctrine of *forum non conveniens* allows a court to dismiss a case properly before it when litigation would be more convenient in a foreign forum." *Cooper v. Tokyo Elec. Power Co., Inc.*, 860 F.3d 1193, 1210 (9th Cir. 2017).

When "the parties' contract contains a valid forum-selection clause," the plaintiff has the burden, as the party defying the forum-selection clause, to establish that transfer is unwarranted. *Atl. Marine*, 571 U.S. at 63. Moreover, the forum selection clause "[should be] given controlling

---

[1] The forum selection clause states: "Unless the Corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware shall be the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the Corporation, (ii) any action or proceeding asserting a claim of breach of a fiduciary duty owed by any director, officer, employee or agent of the Corporation to the Corporation or the Corporation's stockholders, (iii) any action or proceeding asserting a claim against the Corporation arising pursuant to any provision of the Delaware General Corporation Law or the Corporation's Certificate of Incorporation or these Bylaws, or (iv) any action or proceeding asserting a claim against the Corporation governed by the internal affairs doctrine, in each case subject to said Court of Chancery having personal jurisdiction over the indispensable parties named as defendants therein." (Dkt. No. 4-10, Art. VII, Sec. 5.)

3

weight in all but the most exceptional cases." *Id*. The Court "must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs no remedies whatsoever." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1092 (9th Cir. 2018); *see also In re Facebook, Inc. S'holder Derivative Priv. Litig*., 367 F. Supp. 3d 1108, 1119 (N.D. Cal. 2019). The Court must consider two factors: (1) whether the lawsuit falls within the scope of the forum-selection clause, and if it does, (2) whether the clause is valid and enforceable. *See Yei A. Sun*, 901 F.3d at 1086-87 (citing *Atl. Marine*, 571 U.S. at 60). Here, Plaintiff does not dispute that the suit falls within the scope of the forum selection clause. (Dkt. No. 52.) Nor does Plaintiff dispute that the clause if valid. (*Id*.) Rather, Plaintiff merely disputes whether the clause should be enforced against her claims.

To determine whether to dismiss under the *forum non conveniens*, the plaintiff's choice of forum merits no weight and the Court should only consider the public interest factors. *Atl. Marine*, 571 U.S. at 64. An "exceptional reason" or "extraordinary circumstances" for not giving controlling weight to a forum-selection clause exists if

> the plaintiff made a strong showing that: (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court."

*Yei A. Sun*, 901 F.3d at 1088 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

Plaintiff does not contend the clause is the product of fraud or overreaching or that trial in Delaware would be so gravely difficult and inconvenient that she would, for all practical purposes, be deprived of her day in court. (Dkt. No. 52.) Thus, the only remaining issue is whether enforcing the forum selection clause would contravene the strong public policy of the forum in which the suit is brought.

It is undisputed that the Exchange Act contains an anti-waiver provision and that federal courts have exclusive jurisdiction over Exchange Act claims. The Exchange Act voids "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance

4

with any provision of this title." 15 U.S.C. § 78cc(a) (the "anti-waiver provision"). Therefore, if the Court were to enforce the forum-selection clause, Plaintiff would not be able to bring her claim under Section 14(a) of the Exchange Act. The issue is whether Plaintiff's lost opportunity to bring a Section 14(a) claim violates the strong public policy of the forum in which she filed this lawsuit.

The Ninth Circuit has made clear that the strong federal policy in favor of enforcing forum-selection clauses supersedes the anti-waiver provisions in state and federal statutes, regardless whether the forum selection "clause points to a state court, a foreign court, or another federal court." *Yei A. Sun*, 901 F.3d at 1090. Because the anti-waiver provision standing alone does not supersede the forum-selection clause, "in order to prove that enforcement of such a clause would contravene a strong public policy of the forum in which suit is brought, . . . [P]laintiff must point to a statute or judicial decision that clearly states such a strong public policy." *Id*. (quotation marks and citation omitted). Plaintiff fails to do so.

Plaintiff does not point to any statute or judicial decision that clearly states that enforcing the forum selection clause would contravene a strong public policy. Instead, Plaintiff first argues that enforcement of the cause would contravene the federal courts' exclusive jurisdiction over Exchange Act claims and that it would violate the Supremacy Clause of the U.S. Constitution. There is no dispute that federal courts have exclusive jurisdiction over the Section 14(a) claim under the Exchange Act. However, enforcement of the forum selection clause does not violate exclusive jurisdiction; enforcement of the forum selection clause means that Plaintiff cannot assert her Section 14(a) claim. Preventing a party from asserting a federal claim does not violate principles of exclusive federal jurisdiction. It is difficult to understand Plaintiff's argument that the federal courts' exclusive jurisdiction over Exchange Act claims supplies an independent basis, let alone the required strong public policy, to preclude enforcement of the forum selection clause. The cases cited by Plaintiff address different doctrines – the *Colorado River* doctrine and prudential standing – and, thus, are inapplicable.[2]

---

[2] As the court explained in *Cottrell v. Duke*, 737 F.3d 1238, 1240 (8th Cir. 2013), "[i]n *Colorado River Water Conservation District v. United States*, the United States Supreme Court held that exceptional circumstances may permit a federal court to refrain from hearing a case and instead defer to a concurrent, parallel state-court proceeding." However, the court noted the

5

The other cases on which Plaintiff relies does not assist her either. Plaintiff argues that the court in *Boilermakers Loc. 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934 (Del. Ch. 2013) observed that a forum-selection clause would be invalid as to a claim within the federal courts' exclusive jurisdiction. However, the court in *Boilermakers* merely held that Delaware law authorized a corporation to adopt a forum selection clause in its bylaws. *Id*. at 939. The court explicitly rejected the plaintiff's attempt to conjure hypothetical as-applied challenges to the bylaws, including whether the exclusive jurisdiction of federal courts would preclude enforcing a forum selection clause. *Id*. at 958. The court stated instead that:

> if a plaintiff believes that a forum selection clause cannot be equitably enforced in a particular situation, the plaintiff may sue in her preferred forum and respond to the defendant's motion to dismiss for improper venue by arguing that, under *Bremen,* the forum selection clause should not be respected because its application would be unreasonable.

*Id*.; *see also id*. at 962 ("In the event that a plaintiff seeking to bring a claim within the exclusive jurisdiction of the federal courts is met with a motion to dismiss because of the forum selection clause, the plaintiff will have the most hospitable forum possible to address the motion by pressing an argument that the bylaw cannot operate to foreclose her suit – a federal court.").

Next, Plaintiff misrepresents the holding of *Butorin on behalf of KBR Inc. v. Blount*, 106 F. Supp. 3d 833 (S.D. Tex. 2015). In that case, the forum-selection clause at issue provided that, if there were claims that were not within the state court's jurisdiction, then the forum selection clause directed that the claims should be brought in the federal district court for the District of Delaware. *Id*. at 837. Because the forum selection clause included the federal district court in Delaware, the court transferred the action, including the federal Exchange Act claim, to the Delaware district court. *Id*. at 837, 844.[3]

---

consensus among circuits is "that *Colorado River* does not apply when an exclusively federal claim is properly before the district court." *Id*. at 1245. Therefore, courts may only apply the Colorado River Doctrine where state and federal courts have concurrent jurisdiction. *Id*. at 1248; *see also Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir. 1980). *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014), addressed a party's request that the Court decline to exercise jurisdiction under the prudential standing doctrine.

[3] Plaintiff ignored that the forum selection clause included the federal district court as well as state court and implied that the court did not enforce the forum selection clause because the Delaware Court of Chancery lacked jurisdiction. (Dkt. No. 52 at p. 29.) Although the court did

6

Plaintiff also argues that enforcement of the forum selection clause violates the anti-waiver provision of the Exchange Act and thus violates the Supremacy Clause of the United States Constitution. The Supremacy Clause, in turn, provides that "the laws of the United States … shall be the supreme law of the land." U.S. CONST. art. VI. As noted above, it is undisputed that Plaintiff would be precluded from pursuing the Section 14(a) claim if the Court enforces the forum-selection clause because federal courts have exclusive jurisdiction over the Section 14(a) claim and that, in effect, Section 14(a) would be waived if the Court enforces the forum selection clause. However, the Ninth Circuit has made clear that existence of an anti-waiver clause in a statute that the plaintiff intends to prosecute is insufficient to demonstrate the required strong public policy for purposes of overcoming a forum selection clause. *Yei A. Sun*, 901 F.3d at 1090 ("Because an antiwaiver provision by itself does not supersede a forum-selection clause, in order to prove that enforcement of such a clause would contravene a strong public policy of the forum in which suit is brought, . . . the plaintiff must point to a statute or judicial decision that clearly states such a strong public policy.") (citation and quotation marks omitted). Plaintiff's argument about the Supremacy Clause is in effect that no person can waive any federal statute with an anti-waiver clause, but there is no case supporting that extreme position. Furthermore, the Supreme Court's continued enforcement of forum selection clauses does not support that reasoning.

The Court notes that Plaintiff's efforts to distinguish the Section 14(a) claim from her Delaware state-law claims are similarly unhelpful. The standard is not whether Plaintiff will be able to assert substantially similarly claims before the Delaware Court of Chancery. As the Ninth Circuit has made clear, "under *Atlantic Marine*, courts must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs *no remedies whatsoever*." *Yei A. Sun*, 901 F. 3d at 1092 (emphasis added). Moreover, "[i]t is the *availability* of a remedy that matters, not predictions of the likelihood of a win on the merits." *Id*. (emphasis in original) (quoting *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 774 (5th Cir. 2016)); *see also Richards v. Lloyd's of London*, 135 F.3d 1289, 1296 (9th Cir. 1998) (holding a forum selection clause remains

---

not dismiss the case based on *forum non conveniens*, the court did transfer the case pursuant to the forum selection clause. *Butorin*, 106 F. Supp. 3d at 844.

enforceable even when the contractually selected forum may afford the plaintiffs less effective remedies than they could receive in the forum where they filed suit.). "*Atlantic Marine* confirms this conclusion, and establishes that "the fact that *certain types of remedies* are unavailable in the foreign forum does not change the calculus if there exists a basically fair court system in that forum that would allow the plaintiff to seek some relief." *Weber*, 811 F.3d at 774); *see also In re Facebook, Inc. Shareholder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1120 (N.D. Cal. 2019) (noting that the remedies need not stem from the same statutes originally asserted).

In *Richards*, the Ninth Circuit upheld the forum selection clause requiring that the lawsuit be brough in England. *Richards*, 135 F.3d at 1296. Despite the fact that an English statute immunized the defendant from many actions possible under the United States' securities laws, the plaintiff would not be deprived of a remedy because the defendant was not immune under English law for the consequences of its actions committed in bad faith, including fraud. *Id.*; *see also Spread Your Wings, LLC v. AMZ Grp. LLC*, 2020 WL 5749085, at *7 (N.D. Cal. Sept. 25, 2020) (finding that plaintiffs failed to demonstrate that transferring from California to New York would deprive plaintiffs "of an adequate remedy, let alone any remedy whatsoever").

Plaintiff does not argue or attempt to demonstrate that she would have no remedy in the Delaware Court of Chancery. Nor could she. Delaware law provides for derivative actions. *See*, *e.g.*, *Seafarers Pension Plan on behalf of Boeing Co. v. Bradway*, 2020 WL 3246326, *2 (N.D. Ill. June 8, 2020) (citing *Stroud v. Grace*, 606 A.2d 75, 84 (Del. 1992) ("Delaware law permits shareholders to bring a derivative claim against their corporate directors"). Thus, Plaintiff fails to defeat the forum selection clause with her argument about the existence or non-existence of remedies in Delaware Chancery Court.

Finally, at oral argument, Plaintiff argued that the forum selection clause in the Bylaws is "unilateral" and not "bilateral" and, thus, the Court should consider that factor in determining whether the enforcement of the forum selection clause violates public policy. Although Plaintiff did not elaborate on the definitions of "unilateral" and "bilateral" agreements, the implication is that, because Plaintiff did not negotiate with The Gap, the Bylaws are "unilateral" in nature. However, Plaintiff conceded that there is no case law supporting this position, and the law in fact

8

does not support this position. *See Spread Your Wings*, 2020 WL 5749085, at *5 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991)) (noting plaintiffs failed to cite "authority suggesting there is a *per se* rule that non-negotiated forum selection clauses are never enforceable"). In *Carnival Cruise Lines* the Supreme Court rejected the idea that a nonnegotiated forum selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining. *Id*. at 593.[4] While the lack of negotiation could be a factor with respect to demonstrating fraud or overreaching, one of the three factors under *Yei A. Sun* in deciding whether to enforce a forum selection clause, Plaintiff did not argue fraud or overreaching here.

The Court finds that Plaintiff fails to demonstrate that enforcing the forum selection clause would contravene a strong public policy of this forum. Therefore, the Court GRANTS Defendants' motion, enforces the forum selection clause and DISMISSES this action without prejudice to Plaintiff filing claims against Defendants in the Delaware Court of Chancery. *See Seafarers Pension Plan*, 2020 WL 3246326, at *2-3 (enforcing forum selection clause requiring plaintiff to file derivative action in Delaware state court, despite plaintiff's inability to bring Section 14(a) claim under the Exchange Act in state court).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.

**IT IS SO ORDERED**.

Dated: April 27, 2021

SALLIE KIM
United States Magistrate Judge

---

[4] Furthermore, the Delaware Supreme Court recently ruled that forum-selection clauses governing shareholder claims are valid and enforceable under Delaware's General Corporation Law ("DGCL"). *Salzberg v. Sciabacucchi*, 227 A.3d 102 (Del. 2020); *see also Boilermakers*, 73 A.3d at 939 (holding bylaws contained valid and enforceable contractual forum selection clauses and noting Delaware Supreme Court had made clear that "bylaws of a Delaware corporation constitute part of a binding broader contract among the directors, officers, and stockholders formed within the statutory framework of DGCL.").